UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HOME TEAM 668 LLC,

                     Plaintiff,

    -against-

TOWN OF EAST HAMPTON, LINDA
SCICOLONE, ANN GLENNON, THOMAS
TALMAGE, and MICHAEL SENDLENSKI, *in
their official and individual capacities*,

                     Defendants.
------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
20-cv-5828 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), on referral from the Honorable Joanna Seybert for Report and Recommendation, is Defendants' Town of East Hampton ("East Hampton" or the "Town"), Linda Scicolone ("Scicolone"), Ann Glennon ("Glennon"), Thomas Talmage ("Talmage") and Michael Sendlenski ("Sendlenski," collectively, "Defendants") motion to dismiss Plaintiff Home Team 668 LLC's ("Home Team" or "Plaintiff") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Defendants' Motion to Dismiss ("Defendant's Motion" or "Def. Mot."), Docket Entry ("DE") [15]. By way of Complaint dated December 1, 2020, Plaintiff commenced this action asserting Section 1983 claims for violations of Home Team's:  (1) Fourteenth Amendment procedural due process rights, (2) Fourteenth Amendment substantive due process rights, (3) Fourteenth Amendment equal protection rights, and (4) Sixth Amendment right to a

speedy trial.  *See* Complaint ("Compl."), DE [1].  For the reasons set forth herein, the Court respectfully recommends that Defendants' Motion be granted and that Count 1, 2, and 3 of Plaintiff's Complaint be dismissed with prejudice and without leave to amend.  The Court further recommends that Count 4 be dismissed without prejudice.

## I.    BACKGROUND

### A. <u>Facts</u>

Unless otherwise indicated, the facts set forth herein are taken from the Complaint and its exhibits, and are accepted as true for purposes of the instant motion.  Plaintiff Home Team is a New York limited liability company and the owner of the property at issue in this case, located at 87 Euclid Avenue, Montauk, East Hampton, New York (the "Property").  Compl. ¶ 1.  Defendant East Hampton is a municipality located in New York.  *Id.* at ¶ 2.  Defendant Scicolone is a resident of Holbrook, New York and an Ordinance Inspector for the Town Ordinance Enforcement Department ("OED").  *Id.* at ¶ 3.  Defendant Glennon is a resident of East Hampton and the Department Head and Principal Building Inspector of the Town Building Department.  *Id.* at ¶ 4.  Defendant Talmage is a resident of Hampton Bays, New York and was the Town of East Hampton Engineer and a member of the Town Planning Department at the time of the events at issue.  *Id.* at ¶ 5.  Defendant Sendlenski is a resident of Suffolk County, New York and was the Town Attorney of the Town of East Hampton until in or around May 2019.  *Id.* at ¶ 6.

### 1. <u>Site Plan Approval and Initial Construction</u>

Plaintiff was formed to purchase and develop a parcel of vacant land in the business district of the unincorporated hamlet of Montauk, located in the Town.  *See*

*id.* at ¶ 10.   On June 18, 2015, Home Team submitted a Preliminary Site Plan Application (the "Preliminary Site Plan") to the Town Planning Board, seeking to develop a free-standing two-story building on the Property.   *Id.* at ¶ 11; *see* Ex. A to Compl.   The building was to be approximately 2,000 square feet, with the first floor to be used as an art gallery, retail store, or office space and the second floor as a two-bedroom apartment.   *See* Compl. ¶ 11.   Pursuant to the Preliminary Site Plan, the building was to be constructed towards the back of the lot, with adjacent parking, all on the same grade.   *Id.* at ¶ 12.

East Hampton's Planning Department required that the building be constructed towards the front of the lot and that the parking be located in front of the building along the municipal road right-of-way, to be consistent with neighboring buildings.   *See id.* at ¶ 13.   Plaintiff revised the Preliminary Site Plan accordingly, which was approved by the Town's Planning Department and adopted by the Planning Board on January 25, 2017.   *Id.* at ¶ 14; *see* Ex. B to Compl. (the "Amended Site Plan").   On August 7, 2017, Home Team received a building permit to construct a 2,000 square foot, two-story building on the Property consistent with the Amended Site Plan.   Compl. ¶ 15; *see* Ex. C to Compl. (Building Permit).   By early June of 2018, building was essentially completed, but for, *inter alia*, connection of the water main to the Suffolk County Water Authority and installation of the sidewalks, curbs and parking pavement.   *See* Compl. ¶ 16.

2.  <u>Discovery of Grading Issue and Construction of Concrete Ramp</u>

During construction on the parking area in June of 2018, Plaintiff discovered that due to the grading of the Property, a ramp from the parking area to the building's entrance needed to be installed to comply with the Americans with Disabilities Act (the "ADA").  *Id.* at ¶ 17.  While the Preliminary Site Plan had been ADA-compliant, the changes required under the Amended Site Plan resulted in the need to construct the access ramp.  *See id.* at ¶ 18.  The Town's Planning Department and Talmage, the Town Engineer, had not addressed the grading issue or the need to construct a ramp during the approval process for the Amended Site Plan.  *See id.* at ¶ 25.  Home Team thereafter constructed the parking area and access ramp using concrete, although the Amended Site Plan had called for the use of asphalt.  *See id.* at ¶¶ 19-20.  According to Plaintiff, there was no provision of the Town Code that required the use of asphalt over concrete.  *See id.* at ¶ 21.

3.  <u>Issuance of the Stop Work Order and Aftermath</u>

On June 28, 2018, when Home Team was nearing completion of construction on the Property, Glennon, the Town's Chief Building Inspector, instructed Scicolone, a Code Enforcement Officer, to issue a Stop Work Order ("SWO") to Plaintiff pursuant to Town Code § 102-12 due to the use of concrete rather than asphalt for the access ramp, handicap parking space, and two adjoining parking spaces.  *See id.* at ¶ 29. Town Code § 102-12 provides, in pertinent part:

> Whenever a Building Inspector . . . Director of Code Enforcement, or Town Public Safety Director has reasonable grounds to believe that work on any building or structure is being prosecuted in violation of the provisions of the applicable building laws, ordinances or regulations, or

4

not in conformity with the provisions of an application, plans, or specifications on the basis of which a building permit was issued, or in an unsafe and dangerous manner, he shall notify the owner of the property, or the owner's agent, or the person performing the work, to suspend all work, and any such persons shall forthwith stop such work and suspend all building activities until the stop order has been rescinded. Such order and notice shall be in writing, shall state the conditions under which the work may be resumed and may be served upon a person to whom it is directed either by delivering it personally to him or by posting the same upon a conspicuous portion of the building under construction and sending a copy of the same by registered mail to the owner of the property as listed on the assessment rolls.

East Hampton Town Code § 102-12.

The SWO provided that Home Team failed to comply with the New York State Building Code and § 255 of the Town Zoning Code and that "it was not proceeding in accordance with the filed plans and specifications." Compl. ¶ 38. Plaintiff alleges that the SWO did not describe what acts had violated the New York State Building Code, the Town Zoning Code or the Amended Site Plan or what work Home Team could undertake to ensure compliance and have the SWO rescinded. *See id.* at ¶¶ 40-41. Town building inspectors had witnessed the installation of the access ramp and parking area for eight days prior to the issuance of the SWO and had not objected to the use of concrete rather than asphalt. *See id.* at ¶ 59. According to Plaintiff, Talmage, the Town Engineer, owns an interest in a local asphalt supplier or asphalt-related business and directed his intern to inspect the Property on June 28, 2018, leading to the issuance of the SWO. *See id.* at ¶¶ 125, 128.

Home Team was not provided with notice of any violation of the Town Code or an opportunity to cure prior to the issuance of the SWO, nor does Town Code § 102-12 provide an opportunity for a hearing thereafter. *Id.* at ¶¶ 31-32, 36. Plaintiff

alleges that East Hampton's failure to provide notice and opportunity to cure was contrary to policies promulgated by the New York Department of State, Division of Local Government Services. *Id.* at ¶ 33; *see* Ex. D. to Compl. The SWO warned that failure to comply was "punishable by a fine of $1,000" and "[i]mprisonment for a period not to exceed 6 months." Compl. ¶ 45.

The SWO was posted on the building's front door on June 28, 2018 and mailed the next day via regular mail, rather than by registered mail as required by Town Code § 102-12. *See id.* at ¶ 46. Home Team learned of the SWO on June 29, 2018 when its agent visited the Property and after the remaining concrete for the parking area had been poured. *Id.* at ¶ 47. Plaintiff's contractors subsequently ceased work on the Property. *Id.* at ¶ 48. The SWO prohibited Home Team from proceeding with any work on the Property, including connecting the building to the Suffolk County Water Authority water main. *See id.* at ¶ 60.

Plaintiff met with Glennon to discuss the SWO on July 2, 2018, who refused to lift the SWO in whole or in part. *Id.* at ¶¶ 50, 52. That same day, Home Team and its counsel met with Sendlenski, the Town Attorney, to explain why it was necessary to use concrete rather than asphalt and that Plaintiff would seek to amend the Amended Site Plan if required. *See id.* at ¶ 53. That same day, Home Team submitted an amended site plan reflecting the use of concrete and the addition of the ramp to comply with the ADA (the "Second Amended Site Plan"). *Id.* at ¶ 50. At a time not specified in the Complaint, Plaintiff asked for permission to install the fire prevention sprinkler system and fire alarms as well as to complete certain work on

the heating and air conditioning systems (the "Safety Work"), despite the SWO.  *See id.* at ¶ 62.  Defendants denied Home Team's request.  *Id.* at ¶ 63.

After the submission of the Second Amended Site Plan, East Hampton continually changed the conditions upon which the revised site plan would be approved, while Plaintiff met with various municipal officials to attempt to resolve the issue.  *See id.* at ¶¶ 55-56.  While the access ramp Home Team had constructed led from the parking area to the rear entrance to the building, Talmage insisted that a ramp be constructed to connect the parking area to the front entrance.  *See id.* at ¶ 153.  Talmage stated that it would be discriminatory to have persons with disabilities enter through the back door, rather than the front entrance.  *Id.* at ¶ 155.  Plaintiff contends that other buildings in the area were permitted to have ADA-compliant access ramps connected to back or side entrances.  *Id.* at ¶¶ 153, 160.  Specifically, a building located across the street from the Property at 88 South Euclid Avenue was constructed a year or two earlier, was of identical square footage and usage, and was permitted to have an ADA access ramp on the side of the building.  *See id.* at ¶ 158; Ex. Q to Compl.  In September 2018, Talmage and the Planning Board rejected Home Team's offer to relocate the entrance door of the building to the rear, thereby eliminating any perceived stigma associated with the location of the access ramp.  Compl. ¶ 156.  Rather, Defendants insisted that an access ramp be constructed at the front entrance of the building.  *See id.* at ¶ 157.

4.  Criminal Proceedings Against Plaintiff

On July 3, 2018 and July 18, 2018 respectively, Scicolone issued an "Appearance Ticket" and a misdemeanor criminal complaint asserting two counts against Plaintiff.  *See id.* at ¶ 64; Ex. F to Compl.  Count 1 charged Home Team with violating Town Code § 255-6-50(F)[1] by using concrete instead of asphalt in the parking area as indicated in the Amended Site Plan.  *See* Ex. F to Compl.  Count 2 alleged that Plaintiff violated Town Code § 102-21(B) when it continued the concrete work on the Property despite the SWO.  *See id.*  At the arraignment held on August 27, 2028, the court adjourned the matter to give Home Team an opportunity to seek approval of the Second Amended Site Plan from the Town Planning Board, with the consent of the prosecutor, Assistant Town Attorney NancyLynn Thiele ("Thiele"). Compl. ¶ 65.  Thiele indicated that if the Town Planning Board approved the Second Amended Site Plan, the criminal charges would be dismissed.  *Id.* at ¶ 66.

On November 7, 2018, the Town Planning Board approved the Second Amended Site Plan, which specified that concrete could be used in the construction of the parking lot.  *See id.* at ¶ 78; Ex. H to Compl.  Via email dated November 21, 2018, Home Team's counsel requested that Thiele dismiss the charges against Plaintiff based on the Town's approval of the Second Amended Site Plan, but Thiele refused.  Compl. ¶¶ 80-81.  On November 25, 2018, Home Team filed a motion to dismiss the criminal charges.  *Id.* at ¶ 82.  In support of its motion, Plaintiff alleged

---

[1] Town Code § 255-6-50(F) provides that "[a] site plan for which approval is sought shall be dated and include at least the following elements . . . (F) Layout of existing and proposed parking and loading areas."  Ex. F to Compl.

8

that the complaining witness's probable cause statement failed to state whether the witness observed concrete being poured at the Property.  *See id.* at 84.

The Town served a superseding misdemeanor complaint on Plaintiff on December 20, 2018 and December 21, 2018, which Home Team alleges suffers from the same deficiencies as the prior complaint.  *See id.* at ¶ 92; Ex. K to Compl.  Count 1 of the superseding complaint alleges that Plaintiff failed to adhere to the Amended Site Plan in violation of Town Code § 255-6-100(B).[2]  *See* Ex. K to Compl.  Count 2 asserts that Home Team failed to comply with Town Code § 102-21(B) by pouring concrete on June 30, 2018, two days after the SWO was issued.  *See id.*  Plaintiff pled not guilty to both counts on February 24, 2020.  Compl. ¶ 271.  As of the filing of the Complaint, no trial had been scheduled and the court had not ruled on Home Team's motion to dismiss.  *See id.* at ¶ 272.

### 5.  Zoning Board of Appeals and Article 78 Proceedings

On August 24, 2018, Plaintiff filed an appeal with the Zoning Board of Appeals ("ZBA"), challenging the validity of the SWO.  *See* Compl. ¶ 68; Ex. G to Compl.  Home Team argued that the SWO was "improperly issued and served, facially defective, in violation of Plaintiff's due process rights" and that Scicolone improperly determined that the use of concrete was a violation of the Amended Site Plan.  Compl. at ¶ 70. On November 8, 2018, Home Team learned that Scicolone had not forwarded her file

---

[2] Town Code § 255-6-100(B) states that "[i]t shall be a violation of this chapter . . . for any person to do any of the following . . . (B) Failure to adhere to site plan . . . . To alter or make improvements to property which has been the subject of a site plan approval without adhering to or following the approved site plan."  Ex. K to Compl.

regarding the SWO to the ZBA, as required under § 267-a(5)(b)[3] of the New York Town Law.  *See id.* at ¶¶ 71-72.  Scicolone ultimately transmitted her file to the ZBA on February 1, 2019.  *Id.* at ¶ 73.

Under § 267-a(6) of the New York Town Law, an appeal of a zoning board decision operates as a stay of "all proceedings in furtherance of the action appealed from" unless a stay would "cause imminent peril to life or property."  N.Y. Town Law § 267-a(6).  Home Team asserts that East Hampton Town Code § 255-10-25, which provided that there shall be no stay of enforcement upon appeal of a zoning board decision, was an attempt to override Town Law § 267-a(6) and a violation of the due process rights guaranteed by the Constitution.  Compl. ¶¶ 110-11.  East Hampton repealed Town Code § 255-10-25 on March 29, 2019.  *Id.* at ¶ 114.

On November 14, 2018, Plaintiff filed a hybrid Article 78 Petition and Complaint against East Hampton, Scicolone, Glennon, and the ZBA in the New York State Supreme Court for Suffolk County (the "Article 78 Petition"), seeking the termination of the SWO pursuant to NY CPLR §§ 7801-7806 ("Article 78").  *See id.* ¶ 97.  The Article 78 proceeding was hybrid because in addition to seeking Article 78 remedies, Home Team sought declaratory and injunctive relief regarding the constitutionality of Town Code § 255-10-25 and the issuance of the SWO.  *See* Ex. L to Compl. (Article 78 Petition).  Judge Joseph C. Pastoressa entered an order temporarily enjoining Defendants from enforcing the SWO against Home Team

---

[3] Town Law § 267-a(5)(b) provides that upon the filing of an appeal of a zoning board action, "[t]he administrative official from whom the appeal is taken shall forthwith transmit to the board of appeals all the papers constituting the record upon which the action appealed from was taken."  N.Y. Town Law § 267-a(5)(b).

performing the Safety Work at the Property on November 20, 2018. *See id.* at ¶ 99. The next day, Glennon rescinded the SWO. *Id.* at ¶ 102.

The ZBA held a hearing on Plaintiff's appeal of the issuance of the SWO on February 5, 2019. *Id.* at ¶ 106. The Chairman of the ZBA determined that the appeal was moot because the SWO was rescinded, and on February 28, 2019, the ZBA issued a decision to that effect. *Id.* at ¶¶ 107-08. Home Team contends that the ZBA erred in finding its appeal moot given that the criminal charges against it were still pending and that the Town Code provision authorizing the issuance of the SWO, § 102-12, was unconstitutional. *See id.* at ¶ 109.

Home Team moved to amend and supplement its Article 78 Petition on May 31, 2019.[4] *See* Ex. G to Declaration of Felicia Gross in Support of Defendants' Motion ("Gross Decl."), DE [16]. Via the motion to amend, Plaintiff sought to add claims concerning the constitutionality of Town Code § 102-12, violations of its procedural and substantive due process and equal protection rights pursuant to Section 1983, and negligence. *See id.* at 19. On May 14, 2020, Judge Paul J. Baisely, Jr., dismissed Home Team's Article 78 Petition, holding that Plaintiff's claims for Article 78 relief were not ripe and that the declaratory judgment and injunctive relief claims were without merit. *See* Compl. ¶ 105; Ex. I to Gross Decl. Judge Baisely further denied Home Team's motion to amend the petition, concluding in relevant part:

> The claim challenging the propriety of the stop work order is without merit as the prosecution of the plaintiff's code violation is discretionary and not subject to *mandamus* relief. . . . Accordingly,

___

[4] The Court may take judicial notice of state court filings in deciding a motion to dismiss. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

> plaintiff/petitioner's motion to amend the pleadings is denied. . . . The plaintiff/petitioner's remaining contentions need not be addressed or are without merit.

Ex. I to Gross Decl.  On June 5, 2020, Plaintiff took an appeal from this order, but failed to perfect the appeal within the 60-day time limit.  *See* Defendants' Memorandum of Law in Support of Defendants' Motion ("Defendants' Memorandum" or "Def. Mem."), DE [15-2], at 10, n. 3.

## B. <u>Procedural History</u>

As set forth above, Plaintiff commenced this action against Defendant by way of Complaint dated December 1, 2020, asserting claims pursuant to Section 1983 and seeking declaratory, injunctive and monetary relief.  *See* Compl.  Specifically, Home Team seeks a declaration that:  (1) the Town's custom and policy of issuing stop work orders without a hearing or opportunity to be heard and (2) that Town Code § 102-12, which authorizes the issuance of stop work orders, are both unconstitutional.  *See id.* at 49-50.  Plaintiff further seeks an injunction:  (3) preventing Defendants from issuing stop work orders without providing due process, (4) requiring Defendants to develop and institute a training program for its employees on the requirements of due process, and (5) prohibiting Defendants from issuing stop work orders pursuant to Town Code § 102-12 and enforcing such stop work orders.  *See id.*  The Complaint also seeks compensatory damages and attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.  *See id.*

On January 28, 2021, Defendants filed a premotion conference request, seeking to move to dismiss the Complaint in its entirety for failure to state a claim.

*See* DE [9].  In response, Home Team opposed Defendants' arguments, but agreed to dismiss without prejudice its claim for violation of its Sixth Amendment right to a speedy trial on the grounds that it is not ripe for review, given that the criminal matter against Plaintiff is still pending.  *See* DE [10].  On April 8, 2021, Defendants' Motion was filed, which Plaintiff opposed.  *See* Def. Mot; Plaintiff's Opposition to Defendants' Motion, ("Opposition" or "Opp."), DE [19].  Judge Seybert referred Defendants' Motion to this Court for Report and Recommendation on October 26, 2023.  *See* Order Referring Motion dated Oct. 26, 2023.  For the reasons set forth below, the Court respectfully recommends that Defendants' Motion be granted and that Counts 1, 2, and 3 of Plaintiff's Complaint be dismissed with prejudice and without leave to amend.  The Court further recommends that Count 4 be dismissed without prejudice.

## II.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).  A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'"  *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)).  "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"The court's consideration on a motion under Fed. R. Civ. P. 12(b)(6) is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit."  *Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see Burton v. Am. Fed'n of Gov't Employees (AFGE) 1988*, No. 11-cv-1416, 2012 WL 3580399, at *5 (E.D.N.Y. Aug. 17, 2012).  In considering a motion to dismiss based on *res judicata*, the Court may take judicial notice of prior state court proceedings and filings.  *See*

*Jacobs v. Law Offices of Leonard N. Flamm*, No. 04-cv-7607, 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005).

## III.   DISCUSSION

Defendants seek dismissal of the Complaint in its entirety, arguing that:  (1) Plaintiff's claims are barred by *res judicata* and collateral estoppel, (2) Plaintiff has failed to state any claim upon which relief can be granted, and (3) the individual Defendants are immune from suit under the doctrine of qualified immunity.  *See* Def. Mem. at 2.  For the reasons set forth below, the Court concludes that Plaintiff's procedural due process, substantive due process and equal protection claims are barred by *res judicata*.  Accordingly, the Court respectfully recommends that Defendants' Motion be granted with respect to Counts 1, 2 and 3 of Plaintiff's Complaint, and that those claims be dismissed with prejudice and without leave to amend.  Further, given that Home Team fails to state a claim for violation of the right to a speedy trial and Plaintiff has voluntarily agreed to dismiss that cause of action, the Court recommends that Count 4 be dismissed without prejudice.

### A.  Counts 1, 2 and 3 are Barred by *Res Judicata*

Defendants contend that each of Plaintiff's claims are barred by *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion, *see* Def. Mem. at 11-14, which are both properly considered under Rule 12(b)(6).  *See Bd. of Managers of 195 Hudson Street Condominium v. Jeffrey M. Brown Associates, Inc.,* 652 F. Supp 2d. 463, 470 (S.D.N.Y. 2009) (citing *Sassower v. Abrams*, 833 F. Supp. 253, 264, n.18 (S.D.N.Y. 1993)) (finding it "well settled that a court may dismiss a claim on *res*

15

*judicata* or collateral estoppel grounds on a Rule 12(b)(6) motion.").   Specifically, Defendants argue that Plaintiff's claims are barred because each could have been brought as part of its Article 78 Petition.   *See* Def. Mem. at 13-14.   For the reasons set forth below, the Court concludes that these claims are barred by *res judicata*.   The Court therefore recommends that Defendants' Motion be granted with respect to Counts 1, 2 and 3 of the Complaint and that those claims be dismissed with prejudice.

In determining whether *res judicata* applies to a New York state court judgment, federal courts look to New York law.   *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." (internal quotation marks omitted)).   Under New York law, *res judicata* "prevents a plaintiff from raising a claim that was or could have been raised in a prior suit."   *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007); *see Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984); *Farbstein v. Hicksville Pub. Library*, 323 F. Supp. 2d 414, 422-23 (E.D.N.Y. 2004).   To determine whether res judicata precludes subsequent litigation, a court must find that:   "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."   *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks and citations omitted); *Kesten v. Eastern Sav. Bank*, No. 07-cv-2071, 2009 WL 303327, *3 (E.D.N.Y. Feb. 9, 2009) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d

Cir. 1994)) (under New York's "transactional" approach to claim preclusion, a claim should have been brought if it arises "out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief").

1. The Article 78 Petition was an Adjudication on the Merits

Turning to the first requirement, "it is well-settled that Article 78 proceedings constitute an adjudication on the merits for purposes of a *res judicata* analysis." *Miller v. City of New York*, No. 17-CV-4198, 2019 WL 2164100, at *2 (E.D.N.Y. May 10, 2019) (internal quotation marks omitted). Although Home Team's Article 78 claims were denied as not ripe, its remaining claims for declaratory and injunctive relief were dismissed on non-procedural grounds. *See* Ex. I to Gross Decl. at 3-4. Moreover, in addressing Plaintiff's motion to amend its Article 78 Petition to add claims pursuant to Section 1983, Judge Baisley concluded that Plaintiff's claim "challenging the propriety of the [SWO]" failed as a matter of law and further concluded that Home Team's "remaining contentions . . . are without merit." *Id.* at 5. To the extent Plaintiff argues that Judge Baisley erred in dismissing its claims or denying its motion to amend, *see* Opp. at 10-12, such consideration is irrelevant to the *res judicata* analysis. *See Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F. App'x 808, 813, n. 3 (2d Cir. 2010). Even assuming the Article 78 Petition was improperly dismissed, "the proper course was to appeal the state court's decision rather than seek to restart the case in federal court." *Id.* As such, the Court concludes that the Article 78 Petition concluded with an adjudication on the merits.

2. <u>The Article 78 Petition Involved the Same Parties</u>

Further, the present action involves the same parties or those in privity with the parties to the Article 78 Petition.  Plaintiff, the Town, Scicolone and Glennon were all parties to the Article 78 Petition.  *See* Ex. L to Compl. at 1.  The fact that the present Complaint added Talmage and Sendlenski, both employees of East Hampton at the time of the relevant events, as Defendants, does not bar the application of *res judicata*.  *Lacy v. Principi*, 317 F.Supp.2d 444, 447 (S.D.N.Y. 2004) ("When a party has litigated a claim to final judgment, that party cannot avoid the *res judicata* effect of that judgment by bringing suit against a new defendant that is in privity with the original defendant."); *see Alaimo v. Gen. Motors Corp.*, No. 07-CV-7624, 2008 WL 4695026, at *5 (S.D.N.Y. Oct. 20, 2008) (concluding that employee of defendant in prior action was in privity with its employer for the purposes of *res judicata* analysis).  Accordingly, the two actions involve the same parties for *res judicata* purposes.

3. <u>Counts 1, 2 and 3 Could Have Been Brought in the Article 78 Petition</u>

Lastly, Plaintiff's procedural due process, substantive due process, and equal protection claims here could have been asserted in the Article 78 proceedings.  Those claims involve "the same factual" grouping as the Article 78 Petition, *i.e.*, the issuance and enforcement of the SWO, and therefore are part of the same "transaction" for the purposes of *res judicata*.  *See Burgos*, 14 F.3d at 790.  And while generally *res judicata* "does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter," *Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir. 1995),

18

*abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), this rule does not apply to hybrid state court proceedings like the one at issue here where: (1) Home Team sought both Article 78 relief and other forms of relief that are not available in a pure Article 78 proceeding, and (2) the state court addressed the non-Article 78 claims on their merits. *See Corbett v. City of New York*, 816 F. App'x 551, 554 (2d Cir. 2020); *Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F. App'x 808, 812 (2d Cir. 2010) (holding that *res judicata* applied to a proceeding that sought both Article 78 relief and damages pursuant to Title VII). Here, Plaintiff's original petition sought both Article 78 and declaratory and injunctive relief, which are not available in a pure Article 78 proceeding. *See Corbett,* 816 Fed. App'x at 554. Moreover, the state court addressed such claims on their merits. Given that Home Team's state court action was a hybrid Article 78 proceeding, the Section 1983 due process and equal protection claims asserted here could have been brought in that forum, and Plaintiff in fact attempted to amend its petition to do just that.

Plaintiff's speedy trial claim, however, could not have been asserted in the Article 78 proceedings. In order to adequately plead a Section 1983 claim for a violation of the right to a speedy trial, a plaintiff must allege that the criminal proceedings terminated in its favor. *See Bussey v. Devane*, No. 13-CV-3660, 2013 WL 4459059, at *5 (E.D.N.Y. Aug. 16, 2013). At the time the Article 78 Petition was filed, the criminal charges against Home Team were still pending. *See* Compl. ¶ 97. Given that Plaintiff's speedy trial claim was not yet ripe for review, it could not have been brought in connection with the Article 78 Petition and is therefore not barred by *res*

*judicata.  See Thyroff v. Nationwide Mut. Ins. Co.*, No. 05-CV-6607, 2006 WL 2827082, at *3 (W.D.N.Y. Sept. 29, 2006) (concluding claims not ripe for review are not barred on claim preclusion grounds).  Accordingly, the Court concludes that Home Team's procedural due process, substantive due process, and equal protection claims are barred by the doctrine of *res judicata*.[5]  As such, the Court need not reach Defendants' additional arguments that these causes of action fail to state a claim and are barred by qualified immunity.  The Court therefore respectfully recommends that Counts 1, 2 and 3 of the Complaint be dismissed with prejudice.

## B. Count 4 Fails as a Matter of Law

With respect to Count 4 – Plaintiff's speedy trial claim – the Court considers Defendants' argument that this cause of action fails as a matter of law.  *See* Def. Mem. at 30.  For the reasons set forth below, the Court concludes that Home Team fails to state a claim for violation its right to a speedy trial.  Accordingly, the Court respectfully recommends that Defendants' Motion be granted and that Count 4 be dismissed without prejudice.

Plaintiff asserts its speedy trial claim pursuant to Section 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured….

---

[5] Because *res judicata* has a broader preclusive effect than collateral estoppel, the Court does not address Defendants' arguments regarding collateral estoppel.  *See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt*, P.C., 701 F. Supp. 2d 340, 351 (E.D.N.Y. 2010).

42 U.S.C. § 1983.  Although Section 1983 does not create substantive rights, it does provide "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).  To prevail on a claim arising under 42 U.S.C. § 1983, a plaintiff must demonstrate:  "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Skates v. Inc. Vill. of Freeport*, 265 F. Supp. 3d 222, 234 (E.D.N.Y. 2017) (citing 42 U.S.C. § 1983).  "The traditional definition of acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Alford v. City of New York*, 413 F. Supp. 3d 99, 113 (E.D.N.Y. 2018) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 755 (2d Cir. 2000)).

Plaintiff alleges that Defendants violated its Sixth Amendment and New York state constitutional rights to a speedy trial by failing to bring Home Team to trial on the criminal charges against it. *See* Compl. ¶¶ 264-76 (Count 4).  To state a claim for a violation the right to a speedy trial, a "plaintiff must allege that he was denied his right to a speedy trial and that he was presumptively prejudiced by the delay." *Varricchio v. Cnty. of Nassau*, 702 F. Supp. 2d 40, 51 (E.D.N.Y. 2010).  Further, the state court criminal proceedings must have terminated in Plaintiff's favor. *Bussey,* 2013 WL 4459059, at *5; *see Syfert v. City of Rome,* No. 6:17-cv-0578, 2017 WL 3405521, at *11 (N.D.N.Y. Aug. 7, 2017), *report and recommendation adopted*, No. 6:17-cv-0578, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017) (dismissing speedy trial claim where plaintiff did not allege criminal proceedings terminated in his favor);

*Montane v. Pettie,* No. 10-cv-4404, 2012 WL 1617713, at *3 (E.D.N.Y. May 8, 2012) (same).  Here, at the time that Plaintiff's Complaint was filed, the criminal charges against Home Team were still pending.  *See* Compl. ¶ 109.  Moreover, Plaintiff has agreed that this claim should be dismissed without prejudice, on the ground that it is not yet ripe for adjudication.  *See* DE [10]; Opp. at 30.  Accordingly, the Court respectfully recommends that Defendants' Motion be granted with respect to Home Team's speedy trial claim and that Count 4 be dismissed without prejudice.[6]

### C. <u>Leave to Amend</u>

Although Plaintiff did not request leave to amend, the Court may grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires.").  Nevertheless, "a district court may deny leave to amend when . . . amendment would be futile because the problem with the claim 'is substantive . . . [and] better pleading will not cure it.'" *Reynolds v. City of Mount Vernon*, 14-CV-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Here, the Court has recommended that Counts 1, 2 and 3 of Plaintiff's Complaint be dismissed pursuant to the doctrine of *res judicata*.  No amendment could cure Home Team's failure to pursue those claims in the Article 78 Petition hybrid proceedings.  Accordingly, the Court recommends that Counts 1, 2 and 3 of the Complaint be dismissed with prejudice and without leave to amend.  Consistent with the above

---

[6] Having concluded that Plaintiff's claim fails as a matter of law, the Court does not reach Defendants' qualified immunity argument on this cause of action.

analysis, the Court recommends that Count 4 – Plaintiff's speedy trial claim – be dismissed without prejudice and with leave to amend pending the conclusion of the criminal proceedings against Home Team.

## IV.    CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff's procedural due process, substantive due process and equal protection claims are barred by *res judicata*. Accordingly, the Court respectfully recommends that Defendants' Motion be granted with respect to Counts 1, 2 and 3 of Plaintiff's Complaint, and that those claims be dismissed with prejudice and without leave to amend. Further, given that Plaintiff's speedy trial cause of actions fails on the merits and Plaintiff has voluntarily agreed to dismiss that claim, the Court recommends that Count 4 be dismissed without prejudice.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
            November 28, 2023

                              /s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge