```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
HOME TEAM 668 LLC,

        Plaintiff,                       MEMORANDUM & ORDER
                                         20-CV-5828 (JS)(SIL)
     -against-

TOWN OF EAST HAMPTON; LINDA
SCICOLONE; ANN GLENNON; THOMAS
TALMAGE; and MICHAEL SENDLENSKI,
in their official and individual
capacities,

        Defendants.
---------------------------------X
```

APPEARANCES

| | |
|---|---|
| For Plaintiff Home Team 668 LLC: | Richard Leib Ravin, Esq.<br>Hartman & Winnicki, P.C.<br>74 Passaic Street<br>Ridgewood, NJ 07450 |
| For Defendants Town of East Hampton; Linda Scicolone; Ann Glennon; Thomas Talmage; and Michael Sendlenski: | Scott J. Kreppein<br>Devitt Spellman Barrett, LLP<br>50 Route 111, Suite 314<br>Smithtown, NY 11787 |

SEYBERT, District Judge:

On December 1, 2020, Plaintiff Home Team 668 LLC (hereafter, "Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging violation of Plaintiff's rights to: (1) procedural due process under the Fourteenth Amendment; (2) substantive due process under the Fourteenth Amendment; (3) equal protection under the Fourteenth Amendment; and (4) a speedy trial under the Sixth Amendment. (Compl. ¶¶

168-276.) On April 8, 2021, Defendants Town of East Hampton, Linda Scicolone, Ann Glennon, Thomas Talmage, and Michael Sendlenski (collectively, "Defendants"), moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure (hereafter, "Rule") 12(b)(6) (hereafter, "Dismissal Motion") on the ground that Plaintiff's claims are barred by res judicata and fail to state a claim upon which relief can be granted. (See generally Support Memo, ECF No. 15-2.) On November 28, 2023, Magistrate Judge Locke issued a Report and Recommendation (hereafter, "Report" or "R&R") recommending the Court dismiss Counts 1-3 of the Complaint with prejudice and dismiss Count 4 of the Complaint without prejudice. (R&R, ECF No. 27, at 2.) Plaintiff filed objections to the Report on December 5, 2023. (See generally Objs., ECF No. 28.) For the reasons stated herein, Plaintiff's objections are OVERRULED, the R&R is ADOPTED, and Defendants' Dismissal Motion is GRANTED with prejudice as to Counts 1-3 and without prejudice as to Count 4. The Clerk of Court is directed to mark this case CLOSED.

BACKGROUND

I. Factual and Procedural Background

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.[1] (See R&R at 2-13.) See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of factual and procedural backgrounds of the case, upon clear error review, adopting and incorporating same into court's order).

II. Plaintiff's Objections to the R&R

Plaintiff asserts three objections to Judge Locke's R&R.[2] First, Plaintiff contends dismissal of his claims based upon res judicata is inappropriate because the claims he brought

---

[1] The Court acknowledges Plaintiff's objection to Judge Locke's characterization of the Suffolk County Supreme Court matter (hereafter, the "Article 78 Proceeding") as a "hybrid" proceeding. The Court has considered Plaintiff's objection and finds it to be without merit for the reasons discussed infra. (See infra Discussion, Part II.C.)

[2] Plaintiff did not object to Judge Locke's recommendation to dismiss Count 4 of the Complaint without prejudice. (Objs., ECF No. 28, at 1.) Accordingly, Judge Locke's recommendation is reviewed for clear error. Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014), and aff'd, 578 F. App'x 51 (2d Cir. 2014) ("The Court reviews portions of the R&R to which a party makes no objection for clear error"). Upon clear error review of Judge Locke's recommendation to dismiss Count 4 of the Complaint without prejudice, the Court finds none. Accordingly, Judge Locke's recommendation as to Count 4 is hereby ADOPTED.

3

in the Article 78 Proceeding were not dismissed on the merits. (Objs. at 2.)  Second, Plaintiff argues that Judge Locke incorrectly characterized the Article 78 Proceeding as a "hybrid" proceeding, even though the presiding state court judge "never converted [the Article 78 Proceeding into] a plenary action." (Id. at 3-5.)  According to Plaintiff, the failure to officially convert the proceeding into a plenary action prevented the Article 78 Proceeding from becoming a hybrid proceeding.  (Id.)  Third, Plaintiff avers Judge Locke erroneously ignored Second Circuit precedent cited in its underlying opposition brief, namely, Davidson v. Capuano, 792 F.2d 275 (2d Cir. 1986), and Northern Assurance Company of America v. Square D Company, 201 F.3d 84 (2d Cir. 2000), and instead relied upon Corbett v. City of New York, 816 F. App'x 551 (2d Cir. 2020).  Plaintiff contends Corbett is an "unreported[] summary order case, without any precedential value." (Id. at 5.)  The Court addresses Plaintiff's objections below.

## DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  The district judge must evaluate proper

4

objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). Moreover, the Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

II. Analysis

A. Plaintiff's Objections Warrant Clear Error Review

Here, the Court finds all of Plaintiff's objections to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Locke. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020)

5

(collecting cases)). Indeed, Plaintiff admitted, "[a]ll of the arguments referenced in this Objection are cogently set forth with supporting law in Plaintiff's Opposition Brief." (Objs. at 5; compare Objs. at 2-5, with, Opp'n., ECF No. 21, at 16-18 (arguing the Article 78 Proceeding was not decided on the merits and therefore res judicata does not apply); Opp'n. at 23 (arguing res judicata does not apply because the Article 78 Proceeding was not a "hybrid" or "plenary" proceeding); Opp'n. at 15-23 (citing Davidson and Northern Assurance)). Thus, the Court reviews Judge Locke's Report for clear error.

### B. Objection 1: Plaintiff's Claim that the Causes of Action in the Article 78 Proceeding Were Not Dismissed on the Merits

Plaintiff argues Judge Locke erroneously concluded his claims were barred by res judicata because the claims raised in his underlying Article 78 Proceeding were not adjudicated "on the merits." (Objs. at 2.) Upon clear error review of Judge Locke's Report, and the language employed in the Article 78 Proceeding, the Court finds Plaintiff's objection to be unfounded.

As a general matter, a claim may be barred under the doctrine of res judicata where a litigant seeks to advance in a new action claims or defenses that were, or could have been, raised in a prior proceeding involving the same parties or their

6

privities, and such action resulted in a judgment on the merits. Overview Books, LLC v. United States, 755 F. Supp. 2d 409, 415 (E.D.N.Y. 2010), aff'd, 438 F. App'x 31 (2d Cir. 2011) (citing Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985)). Thus, when determining whether claims are barred by res judicata, four factors must be considered, i.e., whether: "(1) the earlier decision was a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the same parties or their privities were involved; and (4) the decision involved the same cause of action." Id.

Plaintiff claims the decision rendered in the Article 78 Proceeding was not a judgment "on the merits." (Objs. at 2.) In support of his contention, he argues the presiding judge, Honorable Paul J. Baisley, Jr. (hereafter, "Judge Baisley"), improperly treated Plaintiff's Motion to Amend as a Motion to Dismiss, without providing notice to Plaintiff, and dismissed the proposed amended complaint in a "conclusory fashion." (Id.) However, as Judge Locke correctly concluded in his R&R, a conclusion to which Plaintiff purportedly agrees,[3] whether Judge Baisley "erred in dismissing its claims or denying its motion to amend" is not a consideration relevant to the res judicata analysis. (R&R at 17.) Rather, it is well-established that

---

[3] Confusingly, Plaintiff indicated in his Objections that he agreed with Judge Locke's assertion that if Judge Baisley erred in dismissing Plaintiff's claims and denying Plaintiff leave to amend, that fact would be "irrelevant" to the res judicata analysis. (See Objs. at 5-6, n.2.)

7

"res judicata protects wrong decisions as fully as right ones." Male v. Tops Markets, LLC, 354 F. App'x 514, 515 (2d Cir. 2009) (citations and modifications omitted); see also Mahmood v. Rsch. in Motion Ltd., 905 F. Supp. 2d 498, 502 (S.D.N.Y. 2012), aff'd, 515 F. App'x 891 (Fed. Cir. 2013) (stating res judicata "bars new claims out of the same transactions regardless of whether they are winners or losers."). Thus, even if, as Plaintiff contends, Judge Baisley improperly treated Plaintiff's Motion to Amend as a Motion to Dismiss, such error does not negate the fact that Judge Baisley's decision was made "on the merits."

Plaintiff's argument that Judge Baisley's decision was "conclusory" fairs no better. It is well established "there is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court." Hallmark Licensing, LLC v. Dickens, Inc., No. 17-CV-2149, 2020 WL 6157007, at *7 (E.D.N.Y. Oct. 21, 2020) (citing Miller v. Metro. Life Ins. Co., No. 17-CV-7284, 2018 WL 59093477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018) (further citations omitted)). "By extension, neither is a court required to address each and every case cited by a party in support of its position." Id. This principle is recognized both in state and federal courts. Id.; Queensrail Corp. v. Metro. Transp Auth., No. 157453/2021, 2023 WL 6141536, at *1 (N.Y. Sup. Ct. Sep. 15, 2023). Here, it is clear Judge Baisley dismissed Plaintiff's

8

claims "on the merits" when he concluded Plaintiff's claims were "without merit." (Exhibit I.) As this Court previously stated in 5055 Northern Boulevard LLC v. Incorporated Village of Old Brookville, "[w]hile Plaintiff may be dissatisfied with the state court's level of analysis, it does not necessarily follow that the issues 'were never litigated.' Rather, the state court's denial of Plaintiff's non-Article 78 relief satisfies the 'adjudication on the merits' requirement" of res judicata. No. 19-CV-3598, 2020 WL 6545897, at *5 (E.D.N.Y. Nov. 6, 2020), aff'd, 848 F. App'x 49 (2d Cir. 2021) (finding "[t]he state court rejected, albeit tersely, Plaintiff's requests for non-Article 78 relief"). Accordingly, the Court adopts Judge Locke's recommendation that the Article 78 Proceeding was adjudicated on the merits.

C. Objection 2: Plaintiff's Claim that the State Court Proceeding was not a "Hybrid" Plenary Action

As his second objection, Plaintiff asserts Judge Locke erred by "incorrectly refer[ring] to the proceeding filed by Plaintiff in Suffolk County Supreme Court as [a] 'hybrid'" proceeding. (Objs. at 3.) Plaintiff contends this was a "critical error" because the judge presiding over the Article 78 Proceeding "never exercised his discretion to convert the matter to a plenary hearing, and thus, never had authority to decide any non-Article 78 matters." (Id.) The Court finds Judge

9

Locke's characterization of the Article 78 Proceeding as a "hybrid" proceeding to be free of clear error; accordingly, it finds Plaintiff's objection to be without merit.

The Article 78 Proceeding became a "hybrid" proceeding when, in addition to seeking injunctive relief under Article 78, Plaintiff sought declaratory and injunctive relief concerning the constitutionality of Town Code § 255-10-25. (See Ex. L, ECF No. 1-13, attached to Compl., at 15-17; R&R at 10.) Although it may be true the Article 78 Proceeding was not "officially" designated as a "hybrid" proceeding, because Plaintiff sought declaratory and injunctive relief for claims that, in Plaintiff's own words, were "non-Article 78 matters," and such matters were addressed on the merits by the presiding judge, the Article 78 Proceeding was properly considered a hybrid proceeding. See Sheffield v. Sheriff of Rockland County Sheriff Dep't, 393 F. App'x 808, 813 (2d Cir. 2010) (holding, where plaintiff presented claims under Title VII in her Article 78 petition, "[i]t is therefore clear to us that [plaintiff] commenced a hybrid action and that the state court treated it as such"); see also Casale v. Metro. Transp. Auth., No. 05-CV-4232, 2005 WL 3466405, at *10 (S.D.N.Y. Dec. 19, 2005) (finding plaintiff's § 1983 claim "converted [the] Article 78 proceeding into a hybrid special proceeding/plenary action"); (Objs. at 3 (admitting Plaintiff's claim for declaratory relief based upon

10

the purported unconstitutionality of Town Code § 255-10-25 was a "non-Article 78 matter[]")).

Moreover, Judge Baisley's Order dismissing Plaintiff's claims in the Article 78 Proceeding made clear he had addressed all of Plaintiff's claims, including the non-Article 78 claims. (Exhibit I, ECF No. 16-13, attached to Gross Decl. (stating Plaintiff's "remaining contentions need not be addressed or are without merit").)  To the extent Plaintiff contends judges presiding over Article 78 cases do not have jurisdiction to resolve non-Article 78 claims, such contention is unavailing in light of the case law discussed supra.  Accordingly, the Court finds Plaintiff's second objection to be without merit and adopts Judge Locke's recommendation that the Article 78 Proceeding was a hybrid proceeding.

   D. Objection 3: Plaintiff's Claim that Judge Locke Ignored Second Circuit Law

Plaintiff objects to Judge Locke's reliance on the Second Circuit summary order, Corbett v. City of New York, asserting Judge Locke should have instead relied upon Davidson v. Capuano and Northern Assur. Co. of America v. Square D Co., both of which are Second Circuit decisions cited in Plaintiff's Opposition.  816 F. App'x 551 (2d Cir. 2020); 792 F.2d 275 (2d Cir. 1986); 201 F.3d 84 (2d Cir. 2000); (Objs. at 5; Opp'n at 15-23.)  As stated supra, the Court need not address every

11

argument and case raised by a party in its papers. Hallmark Licensing, 2020 WL 6157007, at *7 ("To the extent [defendant] would fault [the] Magistrate Judge . . . for not discussing all the cases it cites in support of its position . . . its contention is unavailing.").

Moreover, aside from stating that Davidson and Northern Assurance are Second Circuit cases, Plaintiff has not articulated any reason why these cases should have been applied to the instant matter. Perhaps, Plaintiff believes said cases stand for the proposition that subsequent civil rights claims brought in federal court are not barred by res judicata following an Article 78 proceeding concerning the same underlying facts and circumstances. However, in the absence of further elucidation, the Court is simply presented with Plaintiff's disagreement with Judge Locke's recommendation that the Article 78 Proceeding at issue was a hybrid proceeding.[4] Yet, Judge Locke's recommendation is well supported in light of Judge Baisley's express determination that Plaintiff's claims, even those seeking relief beyond the confines of Article 78, were "without merit."  (Exhibit I); see also Sheffield, 393 F. App'x at 812 (holding res judicata barred subsequent claims

---

[4] Moreover, the Court finds Northern Assurance inapplicable here, as its facts are inapposite. See generally Northern Assurance, 201 F.3d 84 (2d Cir. 2000).

12

where plaintiff previously commenced a hybrid Article 75 petition, Article 78 petition, and a plenary action, which adjudicated claims went beyond "Article 75 or 78 review"). For that same reason, Corbett applies. 816 F. App'x at 554 (holding, where the underlying Article 78 proceeding was a hybrid proceeding which included a request for a declaration of unconstitutionality, subsequent § 1983 claims brought in federal court were barred by res judicata). Thus, the Court finds Judge Locke's reliance on the Corbett case to be entirely appropriate and free of clear error.

## CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED that: Plaintiff's objections (ECF No. 28) are OVERRULED; the R&R (ECF No. 27) is ADOPTED in its entirety; and Defendants' Dismissal Motion (ECF No. 15) is GRANTED with prejudice as to Counts 1-3 and without prejudice as to Count 4.

IT IS FURTHER ORDERED that The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 13, 2024
       Central Islip, New York